UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia T. Patterson, | ) | C/A No. 0:05-3402-MBS-BM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Report and Recommendation |
| Ronald Honeycutt, | ) ) | |
| Defendant. | ) ) | |

The plaintiff, Patricia T. Patterson (Plaintiff), proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint states a personal injury action based on the alleged negligence of the Defendant. Plaintiff does not state, nor present facts that provide, a basis for federal jurisdiction in this case. Therefore, the Complaint should be dismissed based on lack of jurisdiction.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, supra; Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, supra. Even under this less stringent standard, however, her *pro se* Complaint is still subject to



summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction. "A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction...." Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." Davis . Pak, 856 F.2d 648, 650 (4th Cir. 1988).

A Complaint must affirmatively allege "the facts providing the court jurisdiction." Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)). However, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Lovern

2



v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

Here, Plaintiff alleges in her Complaint that "Honeycutt Pharmacy misfilled my prescription," which resulted in personal injury.  Complaint at 3.  At most, these allegations set forth a state law negligence claim against the Defendant.[1]  Plaintiff's claim does not pose a federal question or issue, and cannot therefore serve as a basis for federal jurisdiction.  Federal courts may hear and decide state law claims in non-diversity cases only in conjunction with federal law claims through the exercise of "supplemental jurisdiction".  Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 387 (1998).  Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over her state claim.  See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

As for diversity jurisdiction, Plaintiff's state law claim would only be cognizable in this Court if the diversity statute's requirements are satisfied.  Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993)[Table].  However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  See 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  The Complaint states that both

---

[1] If Plaintiff is attempting to state a federal civil rights claim in her Complaint pursuant to 42 U.S.C. § 1983, her attempt fails because negligence is not actionable under § 1983.  See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986).



Plaintiff and the Defendant are citizens of the State of South Carolina. Therefore, this Court has no diversity jurisdiction in this case.

In sum, this Court lacks jurisdiction to consider Plaintiff's Complaint, as she has not established federal question, supplemental, or diversity jurisdiction over her claim of negligence. A South Carolina Court of Common Pleas would have jurisdiction over a negligence action filed by a resident of South Carolina against another resident.[2]  It is in that forum that Plaintiff should pursue her claim for relief.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

January 4, 2006
Columbia, South Carolina

---

[2] South Carolina Code of Laws § 15-3-530 sets a three year limitation for commencement of specified civil actions. "A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." S.C. Code § 15-3-20.



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

5
