IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia Patterson, | ) | |
| | ) | C/A No.: 0:05-3402-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Ronald Honeycutt, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patricia Patterson, appearing pro se, filed this action against Defendant Ronald Honeycutt, a pharmacist, alleging that he provided her with incorrect medication.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On January 15, 2006, the Magistrate Judge filed a Report and Recommendation in which he noted that the parties are not diverse. Accordingly, he recommended that the case be dismissed because the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff filed a response on January 10, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff does not object to the recommendation of the Magistrate Judge that the court lacks subject matter jurisdiction.  However,  relying on Rule 82(b) of the South Carolina Rules of Civil Procedure, she requests the court to transfer her case to the South Carolina Administrative Law Division.   The court, as a federal court, is not bound by the South Carolina Rules of Civil Procedure. Rather, venue in federal court cases is governed by 28 U.S.C. § 1404, which allows a district court to transfer a case in certain circumstances "to any other [federal] district or division where it might have been brought."  The court is without jurisdiction to transfer the within action to a state court. Accordingly, dismissal is the proper remedy.

The  court  has  thoroughly  reviewed  the  record.   The  court  concurs  in  the  Report  and Recommendation and  incorporates it herein by reference.  The case is dismissed without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

February 9, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

2